**James Frasia MAY, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 11428.**

United States Court of Appeals
Fourth Circuit.

Argued June 18, 1968.

Decided June 26, 1968.

victed of robbery, on February 6, 1958, in the Circuit Court of Albemarle County, Virginia, which tried him without a jury. He was sentenced to ten years in the Virginia State Penitentiary. In 1965, petitioner's post-conviction attack on that judgment was successful and he was granted a new trial. Petitioner was retried in 1965, and again convicted—this time by a jury, which sentenced him to twenty years in the Virginia State Penitentiary.

In oral argument, counsel for the Commonwealth admitted that petitioner had served an aggregate of at least ten years on the two convictions, but counsel contends that Patton v. State of North Carolina, 381 F.2d 636 (4 Cir. 1967), cert. den., 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968), is inapplicable where, as here, petitioner's original sentence, subsequently determined to be void, was imposed by a judge, and petitioner's current sentence was imposed by a jury.

We perceive no distinction in the application of the doctrine announced in *Patton*, whether either or both sentences was imposed by the court or by a jury. Petitioner could not constitutionally be resentenced to a term in excess of that originally imposed with credit for the time served under the void sentence. Whaley v. State of North Carolina, 379 F.2d 221 (4 Cir. 1967). Having served the term originally imposed as so computed, petitioner is entitled to his immediate release.

We reverse the judgment of the district court, and direct that the writ issue forthwith. Since counsel for the Commonwealth has not been afforded an opportunity to verify the accuracy of his admission, he may apply for a modification of this opinion and the judgment entered thereon within five days after the same shall be announced should he determine that his statement to us was inaccurate; otherwise, the clerk shall issue the mandate after the expiration of five days.

Reversed.

Robert L. Dolbeare, Richmond, Va. (Court-assigned counsel) [Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Petitioner, who was denied habeas corpus relief by the district court, was con-