**Isaiah PINKARD, Petitioner,**

v.

**William S. NEIL, Warden, Tennessee State Prison, Nashville, Tennessee, Respondent.**

**Civ. No. 5698.**

United States District Court, M. D. Tennessee, Nashville Division.

April 15, 1970.

H. Fred Ford of Howser, Thomas, Summers & Binkley, Nashville, Tenn., for petitioner.

Robert H. Dedman, Special Counsel, State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM

WILLIAM E. MILLER, Chief Judge.

This matter came on before the Court for a hearing on April 7, 1970. Petitioner filed his petition on April 1, 1970, alleging denial of due process and equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution.

Petitioner is presently incarcerated in the Tennessee State Penitentiary, Nashville, Tennessee, serving a 99-year sentence imposed by the Maury County Circuit Court for violation of T.C.A. § 39–606, carnally knowing a female under the age of twelve (12) years).

Petitioner has exhausted all available state remedies on the questions which he brings before the Court. His petition under the Tennessee post-conviction procedure act was denied by the Court of Criminal Appeals, 2–1, and the State Supreme Court denied certiorari, without opinion.

Petitioner was first convicted in Maury County Circuit Court on April 6, 1948, and sentenced to a term of 20 years in the state penitentiary. On April 24, 1948, the Circuit Court granted petitioner a new trial. On July 30, 1948, petitioner was again convicted in Maury County Circuit Court of violation of T.C.A. § 39–606 under the same indictment. He was then sentenced to a term of 99 years in the penitentiary.

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court stated:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made a part of the record, so that the constitutional legitimacy of the increased sentence

may be fully reviewed on appeal. *Supra*, at 726, 89 S.Ct. at 2081.

Petitioner's case appears to fall squarely within the ambit of the Supreme Court's holding in *Pearce*.

No record of either state court trial is presently available, apparently having been lost or misplaced, but the unrefuted testimony of petitioner is that he was incarcerated during the interval between trials, that he was guilty of no misconduct during that period, and that no evidence was presented at his second trial bearing upon his conduct during such time period.

Counsel for respondent contends that the "record" of which the Supreme Court speaks in *Pearce* refers to the record in the post-conviction proceedings, not the record of the state court trial resulting in the greater sentence. However, the *Pearce* opinion states that the "factual data upon which the increased sentence is based" must be made a part of the record so that the increased sentence may be fully tested upon appeal, indicating that the sentencing judge must specify upon the record of the trial before him any evidence of supervening conduct causing him to impose an increased sentence. It would be slight protection for petitioner's rights if such evidence needed only to be introduced at post-conviction proceedings after his original trial.

Respondent refers to alleged testimony of a physician at the second trial, not presented at the first trial, which he claims had the effect of aggravating the offense and justifying the imposition of a more severe sentence. There are at least two reasons why this contention must fail. First, the so-called evidence appears to have been conclusory in nature and probably inadmissible, the physician having undertaken to state positively that the petitioner committed the offense although admittedly he was not an eye witness. Second, such evidence would not meet the test of the *Pearce* case because it bears no relationship to conduct occurring after the first trial.

The Supreme Court was emphatic in *Pearce* that any increased sentence imposed upon a retrial must come "in the light of *events subsequent to the first trial* that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Supra,* at 723, 89 S.Ct. at 2079, citation omitted, emphasis added.

■ Respondent also contends that *Pearce* should not be applied because in Tennessee the jury and not the judge fixes the punishment to be meted out to a defendant. T.C.A. § 40–2707. Respondent's theory is that if a jury on a second trial imposes a greater sentence upon a defendant than he received at his first trial, the judge is powerless to change the sentence, or to probe the minds of the jurors to determine their reasons for the greater sentence.

In such cases, however, it would appear not incompatible with Tennessee practice for the judge to charge the jury, as a matter of law, that any sentence imposed upon a particular defendant could not be greater than that imposed upon him at an earlier trial for the same offense, whatever that term may have been, if no evidence of supervening conduct were offered at the second trial. If such evidence were offered, the judge could charge the jury that it must be sufficient to justify any greater sentence and that the jury must so state in returning its verdict. Such procedure would not invade the province of the jury. Once the Supreme Court has stated that, as a matter of law, a defendant cannot be given an increased sentence upon retrial unless there is affirmative evidence of conduct subsequent to the first trial, then it becomes the duty of the judge to follow that decision either in imposing sentence himself in states following the federal practice which charges the judge with this responsibility, or in properly charging the jury in states following the Tennessee practice.

■■ There remains for decision the question of whether or not the *Pearce* doctrine is to be retroactively applied, thus making it applicable to the instant case. The Court concludes that the *Pearce* decision should, indeed, be given retroactive effect. In reaching this conclusion, the Court has followed the rule approved by the Supreme Court in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); and, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). That rule has been stated before by this Court as follows:

In criminal cases concerning constitutional claims, the court may in the interest of justice *make a rule prospective only* where the exigencies of the situation require such an application. See, Graham v. Blackwell, 291 F.Supp. 761 (M.D.Tenn.1968 (Emphasis added).

The Court is of the view that there are no exigencies in the instant case which would compel only a prospective application of the *Pearce* doctrine. The criteria for determining whether a rule should have prospective application only are (1) the purpose to be served by the new standard (2) the extent of the reliance by law enforcement officials upon prior decisions on the subject, and (3) the effect on the administration of justice of a retroactive application of the new standard. In applying the above stated criteria, the Court must weigh the merits and demerits in each case. The way in which these criteria combine must inevitably vary with the rule involved and retroactivity must be determined in each case by looking to the peculiar factors in question. *See,* Linkletter v. Walker, *supra.* The three criteria are to be balanced by the Court.

The first criterion is concerned with the purpose of the new standard. Clearly it is the purpose of the *Pearce* doctrine to insure that an accused person who has been convicted and sentenced at his first trial should not be subject to the imposition of a harsher sentence at a new trial unless in the time interval between

the first trial and the new trial the accused has conducted himself in such a manner that additional punishment is warranted. An underlying purpose of the *Pearce* doctrine is to prevent the threat of a more severe sentence from intimidating an accused person from seeking a new trial. As the Court has discussed above, petitioner Pinkard's case clearly involves the type of situation to which the *Pearce* doctrine was meant to apply. For this Court to refuse to apply the *Pearce* rule in the instant case would amount to encouraging the continuance of a practice which manifestly has a "chilling effect" on those who would seek new trials.[1] Accordingly, the Court is satisfied that the purpose for which the *Pearce* standard was formulated requires that that standard be accorded retroactive application.

As to the second criterion, there is no reason to believe that the retroactive application of a rule which prohibits the imposition of a more severe sentence upon a retrial than was imposed at the initial trial, would have a prejudicial effect on law enforcement officials in the performance of their tasks.[2]

Finally, with regard to the third criterion, the Court is unconvinced that retroactive application of the *Pearce* rule would in any way hinder the administration of justice. The Court does not foresee a flood of litigation resulting from giving retroactive effect to the *Pearce* standard. Certainly, it is possible that the need for evidentiary hearings in matters similar to the instant case may arise. Yet, in the Court's experience, it appears that there are relatively few prisoners whose cases would fall within the ambit of the *Pearce* decision.[3]

 The Court concludes that petitioner's constitutional right to due process of law was violated by the imposition of the 99-year sentence at the conclusion of his second trial. Noting that petitioner has served more than the full term of years imposed by the sentence at his first trial, the Court grants petitioner's writ of habeas corpus and directs the entry of an order that petitioner shall be immediately released from the custody of the respondent.

1. *See,* Note, "Constitutional Law: Increased Sentence and Denial of Credit on Retrial Sustained Under Traditional Waiver Theory," 1965 Duke L.J. 395, and *see,* North Carolina v. Pearce, *supra,* 395 U.S. at 725, n. 20, 89 S.Ct. 2072.

2. Note the foregoing discussion on the relative ease with which a trial judge could incorporate the *Pearce* rule into jury instructions under Tennessee Criminal Procedure.

3. The instant case is the only one to be filed in this district since the *Pearce* decision was rendered. Respondent's attorney in the present case did not anticipate a rash of applications of this nature in Tennessee.