OTIS LEE BROWN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

466 S.W.2d 527.

Court of Criminal Appeals of Tennessee. Feb. 5, 1971.

Certiorari Denied by Supreme Court April 5, 1971.

Petition to Rehear Denied by Supreme Court May 3, 1971.

Samuel R. Anderson, Jeffrey L. Cleary, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Stanley Lanzo, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

GALBREATH, Judge.

The primary assignment of error made by appellant challenging the validity of his conviction in the Hamilton County Criminal Court for murder in the first degree and the resulting sentence of fifty years is that the imposition of such a sentence was reversible error under the holding of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, since in an earlier trial, the judgment of conviction having been set aside on motion for a new trial, the jury had fixed the minimum sentence for the crime charged. Such increased penalty without affirmative justification appearing in the record of the second trial was declared repugnant to the 14th Amendment's due process clause by the United States Supreme Court in North Carolina v. Pearce, *supra*.

This Court has held in a divided opinion that the rule pronounced in *Pearce* has no application in this State. In rejecting *Pearce* the Court, in an opinion by Judge Oliver, said:

"With respect to the petitioner's insistence that the

imposition of the greater sentence in his retrial was to punish him for seeking and obtaining a new trial, it is only necessary to point out that in both trials the jury, and not the judge as in *Pearce,* supra, assessed the punishment; and that there is no averment or insistence by the petitioner that the retrial jury had any knowledge of or was in any way influenced by his having been granted a new trial at his behest after his original conviction." State ex rel. Pinkard v. Henderson, Tenn.Cr.App., 452 S.W.2d 908.

 Although the author dissented in *Pinkard,* and the United States District Court shortly thereafter granted the relief sought on the basis of *Pearce* (Pinkard v. Neil, D.C., 311 F.Supp. 711), we are, of course, bound by the former opinions of this Court unless and until they are reversed by higher authority. Inasmuch as State courts are not bound by rulings of lower federal courts on federal constitutional questions (see Lawrence v. Woods, USCA 7th Cir., 8 Cr.L. 2084), and the Supreme Court denied certiorari in Pinkard's State proceeding involving the issue raised here, the law is now settled in Tennessee adversely to plaintiff in error's contention in spite of my isolated view that it is the United States Supreme Court that has ruled on the issue in point. The assignment of error involved is, therefore, overruled.

 Other assignments of error challenged the make-up of the trial jury on the grounds that the members did not represent a cross section of the community and that they had been voir dired on their personal feelings respecting the imposition of the death penalty. It would appear that the jurors were drawn from a panel of many prospective jurors with varied and different backgrounds.

There is no intimation that any particular type person was systematically excluded because of race or any other consideration, other than a number who expressed opposition to capital punishment and were excused by the court. If the jury had imposed the death penalty this would have raised a serious question under the holdings of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, in which the United States Supreme Court ruled unconstitutional the imposition of a death penalty by a jury qualified as was the one in this case. It was held in a companion case, Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, that a conviction of less than death will not be disturbed as constitutionally infirm because the jury had been qualified on the death penalty so as to exclude from it all members who were opposed to it. The appropriate assignments of error are overruled.

■ ■ Numerous assignments of error contending that the proof was insufficient to sustain the verdict of the jury are overruled. The jury heard the ten year old son of the deceased describe in gruesome detail how the defendant stabbed his mother a number of times with a butcher knife. The defendant denied the crime but admitted being in the victim's home a short time before she was stabbed, and his actions later in fleeing to Chicago to avoid arrest were not only consistent with guilt but were inconsistent with innocence. See Brown v. State, 186 Tenn. 378, 210 S.W.2d 670. In any event the jury settled the issues of fact adversely to the plaintiff in error, and we cannot set aside its verdict unless the evidence preponderates against it. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

■ Also overruled is an assignment complaining of the admission of proof of a recent prior attack on the deceased by the defendant. Inasmuch as the defendant himself first interjected the information into the trial, it is difficult to understand the basis of his assignment. However, such proof of recent hostile and unprovoked attacks are admissible as evidence of a settled purpose to harm or injure the victim. See Holder v. State, 119 Tenn. 178, 104 S.W. 225, and Ingram v. State, Tenn.Cr.App., 443 S.W.2d 528.

■ Without merit also is a complaint that cross examination of a police witness was not allowed to include inquiry into whether or not another person had a motive to kill the victim. No evidence was introduced to prove that any other person committed the crime under investigation, and the trial judge was justified in not allowing such obviously incompetent inquiry. See Mays v. State, 145 Tenn. 118, 238 S.W. 1096.

Other assignments objecting to a juror's taking notes during the trial, failure of the court to order a copy of the transcript prepared prior to motion for a new trial, and the trial judge's ordering the sentence in this case to run consecutively with that imposed in an earlier one have been carefully considered.

■ A very thorough treatment of the view various courts have taken of note taking by jurors appears in Watkins v. State, 216 Tenn. 545, 393 S.W.2d 141, in the absence of a suggestion that the trial judge even considered the matter in the motion for a new trial. In *Watkins* it is spelled out that the matter of taking notes by jurors rests in the discretion of the trial judge. Cer-

tainly we cannot say that the trial judge abused his discretion in this regard. Neither can we hold that he abused his obvious discretion in ordering consecutive sentences nor in failing to order a transcript of the trial prepared for the defense prior to its becoming necessary for appellate review in the absence of any demonstrable need for the same prior to that time.

The defendant in this case was an indigent represented most diligently by court-appointed counsel. We express our appreciation for the services rendered.

The judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.