**Joseph LEVINE, Appellee,**

v.

**Courtland C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.**

**No. 13127.**

United States Court of Appeals, Fourth Circuit.

July 2, 1971.

Reno S. Harp, III, Asst. Atty. Gen., for appellant.

George G. Grattan, IV, Richmond, Va., on the brief, for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

The Commonwealth of Virginia appeals from an order of the district court granting habeas corpus relief to Joseph Levine. We affirm.

After our opinions in Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967), and May v. Peyton, 398 F.2d 476 (4th Cir. 1968), the district court found that Levine's constitutional rights had been violated by the imposition of a harsher sentence by a jury after his retrial. The district court granted the writ conditioned on the Commonwealth's failure to resentence Levine to a sentence not in excess of ten years imprisonment, the sentence he received at his first trial. The Commonwealth appealed.

When his ten year sentence had expired, allowing for good conduct time, Levine applied for bail pending disposition of his appeal. The Commonwealth did not oppose the motion, and we granted release on his own recognizance. We

---

stayed action on the appeal pending disposition by the Supreme Court of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), then May v. Peyton, 398 F.2d 476 (4th Cir. 1968), cert. denied, Cox v. May, 402 U.S. 948, 91 S.Ct. 1602, 29 L.Ed.2d 117 (1971), and McLaren v. Peyton, No. 12,-450 (4th Cir. 1968) (mem. decis.), cert. denied, Cox v. McLaren, 401 U.S. 1012, 91 S.Ct. 1246, 28 L.Ed.2d 550 (1971).

We reaffirm the results of *May* and *McLaren*. Although we recognize *Pearce* is somewhat more limited in scope than *Patton*, we think that the Supreme Court was concerned, as we are, that a defendant be freed of the apprehension of a harsher sentence after retrial. Due process requires no less. See *Pearce, supra*, 395 U.S. at 725, 89 S.Ct. 2072. Jury sentencing [1] does not free a defendant of the apprehension of a harsher sentence. We therefore hold that *Pearce* applies to a jury sentencing.

Since we have found *Pearce* to be retroactive in effect to those who actually received harsher sentences on retrial, James v. Copinger, 428 F.2d 235 (4 Cir. 1970), modified on resubmission, 441 F. 2d 23 (4th Cir. 1971), we affirm.

Affirmed.

1. Ann.Code of Virginia, §§ 19.1–291, 292 (1960 Repl.Vol.). For an excellent discussion of jury sentencing in Virginia, see Note, Jury Sentencing in Virginia, 53 U.Va.L.Rev. 968 (1967).