William Jacob **BRUCE**, Petitioner-Appellant,

v.

John W. **WINGO**, Warden, Kentucky State Penitentiary, Respondent-Appellee.

No. 71–1888.

United States Court of Appeals, Sixth Circuit.

March 20, 1972.

William Jacob Bruce, pro. per.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on brief for appellee.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's denial of a petition for habeas corpus.

Appellant was convicted of rape after a jury trial held in the Hopkins County (Ky.) Circuit Court in 1966. He was sentenced to twelve years' imprisonment.

The Kentucky Court of Appeals reversed the conviction because some of the evidence admitted at the trial had been obtained through an improper search. On remand a second trial resulted in a hung jury. At the third trial Appellant was again convicted. Kentucky permits the jury to impose sentence and after the third trial the jury sentenced Appellant to life imprisonment without the privilege of parole. This conviction and sentence were appealed unsuccessfully through the Kentucky courts. Habeas corpus relief has been denied by the United States District Court.

■■■ Appellant contends that the Constitution requires that his second, greater sentence, be set aside or reduced. The United States Supreme Court has held that the imposition of a greater sentence upon retrial after appellate reversal of the first conviction is usually improper when a *judge* determines the sentence. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Recently a panel of this Court held that such greater sentence on retrial is also unconstitutional when the *jury* is responsible for sentencing. Pendergrass v. Neil, 456 F.2d 469 (6th Cir. decided and filed Feb. 29, 1972). *See also* May v. Peyton, 398 F. 2d 476 (4th Cir. 1968) cert. denied, 402 U.S. 948, 91 S.Ct. 1602, 29 L.Ed. 2d 117 (1971). We agree with the decision in *Pendergrass* that the possibility of facing a greater sentence should retrial be ordered operates as an improper and unconstitutional deterrent to the assertion of a defendant's right to appeal, whether the new sentence be imposed by judge or jury. *See* Pendergrass v. Neil (p. 471 of 456 F.2d). *See*

*also* Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967) cert. denied, 390 U.S. 905, 88 S.Ct. 818, 19 L. Ed.2d 871 (1968). Accordingly, we hold that the sentence of life imprisonment imposed by the jury after retrial cannot stand.

We remand this case to the District Court with instructions to issue an order allowing the State to resentence Appellant to a term not to exceed his original twelve-year sentence. The term should be measured from the original date of sentence and full credit given for time served. Should the State fail to undertake such resentencing within a reasonable time, the District Court is further instructed to release appellant from custody.