**Robert RIVERA, Petitioner-Appellee,**

v.

**Jimmy ROSE, Warden, Respondent-Appellant.**

**No. 72–1400.**

United States Court of Appeals, Sixth Circuit.

Aug. 16, 1972.

---

Bart Durham, Asst. Atty. Gen., Nashville, Tenn., for respondent-appellant;

David M. Pack, Atty. Gen. of Tenn., on brief.

William E. Martin, Nashville, Tenn., for petitioner-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and KENT, Circuit Judges.

KENT, Circuit Judge.

In July, 1957, petitioner was convicted of two separate felonies and by verdict of the jury was sentenced to 15 years on each offense, the sentences to be served consecutively. In January, 1958, he was convicted of a third felony and the jury imposed a sentence of 10 years. Thus, in January, 1958, the petitioner was subject to a total sentence of 40 years. He appealed from the 1957 convictions and the convictions were reversed. No appeal was taken from the 1958 conviction. On retrial the petitioner was again convicted on each charge and the jury sentenced him to 30 years on one charge and 10 years on the other. As a result of the retrial his total sentence on the three felony convictions was 50 years, rather than the 40 years which he faced in January, 1958.

After exhausting his State Court remedies, petitioner sought relief by a habeas corpus action in the District Court, challenging the 30-year sentence but not challenging either of the other two sentences. The District Court granted relief from the 30-year sentence subject to the right of the State of Tennessee to retry or resentence him.

Four issues are presented on this appeal by the State of Tennessee:

(1) Whether North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 2089, 23 L.Ed.2d 656 (1969), is applicable to resentencing by a jury.

(2) Whether a District Court's order granting the writ of habeas corpus can be so fashioned as to release the prisoner at the expiration of his origi-

nal sentence[s], thus precluding the necessity for retrial or resentencing.

(3) Whether North Carolina v. Pearce permits a jury to impose a more severe punishment upon a retrial if the evidence adduced at the subsequent trial furnishes a rational basis for increased punishment.

(4) Whether North Carolina v. Pearce applies retroactively.

This Court has recently considered the first three issues in Pendergrass v. Neil, 456 F.2d 469 (6th Cir. 1972), and Bruce v. Wingo, 457 F.2d 365 (6th Cir. 1972), and has resolved each of the first three issues. Insofar as those decisions are in conflict with the decision of the Fifth Circuit in Chaffin v. Stynchcombe, 455 F.2d 640 (5th Cir. 1972), we reject the reasoning of the Fifth Circuit and adhere to the position previously taken.

Thus, the only issue to be decided here is whether North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 2089, 23 L.Ed.2d 656 (1969), should be applied retroactively, a matter upon which this Court has never ruled. The issue of the retroactivity of *Pearce* was considered by then District Judge (now Circuit Judge) William E. Miller in Pinkard v. Neil, 311 F.Supp. 711 (M.D.Tenn.1970). In *Pinkard* Judge Miller concluded that *Pearce* should be applied retroactively. In considering the retroactivity of *Pearce* Judge Miller said:

■ There remains for decision the question of whether or not the *Pearce* doctrine is to be retroactively applied, thus making it applicable to the instant case. The Court concludes that the *Pearce* decision should, indeed, be given retroactive effect. In reaching this conclusion, the Court has followed the rule approved by the Supreme Court in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); and, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16

L.Ed.2d 882 (1966). That rule has been stated before by this Court as follows:

In criminal cases concerning constitutional claims, the court may in the interest of justice *make a rule prospective only* where the exigencies of the situation require such an application. See, Graham v. Blackwell, 291 F.Supp. 761, M.D.Tenn.1968 (Emphasis added).

The Court is of the view that there are no exigencies in the instant case which would compel only a prospective application of the *Pearce* doctrine. The criteria for determining whether a rule should have prospective application only are (1) the purpose to be served by the new standard (2) the extent of the reliance by law enforcement officials upon prior decisions on the subject, and (3) the effect on the administration of justice of a retroactive application of the new standard. In applying the above stated criteria, the Court must weigh the merits and demerits in each case. The way in which these criteria combine must inevitably vary with the rule involved and retroactivity must be determined in each case by looking to the peculiar factors in question. *See,* Linkletter v. Walker, *supra.* The three criteria are to be balanced by the Court.

■ The first criterion is concerned with the purpose of the new standard. Clearly it is the purpose of the *Pearce* doctrine to insure that an accused person who has been convicted and sentenced at his first trial should not be subject to the imposition of a harsher sentence at a new trial unless in the time interval between the first trial and the new trial the accused has conducted himself in such a manner that additional punishment is warranted. An underlying purpose of the *Pearce* doctrine is to prevent the threat of a more severe sentence from intimidating an accused person from seeking a new trial. As the Court has discussed above, petitioner Pinkard's case clearly involves the type of situation to which the *Pearce* doctrine

was meant to apply. For this Court to refuse to apply the *Pearce* rule in the instant case would amount to encouraging the continuance of a practice which manifestly has a "chilling effect" on those who would seek new trials. Accordingly, the Court is satisfied that the purpose for which the *Pearce* standard was formulated requires that that standard be accorded retroactive application.

As to the second criterion, there is no reason to believe that the retroactive application of a rule which prohibits the imposition of a more severe sentence upon a retrial than was imposed at the initial trial, would have a prejudicial effect on law enforcement officials in the performance of their tasks.

Finally, with regard to the third criterion, the Court is unconvinced that retroactive application of the *Pearce* rule would in any way hinder the administration of justice. The Court does not foresee a flood of litigation resulting from giving retroactive effect to the *Pearce* standard. Certainly, it is possible that the need for evidentiary hearings in matters similar to the instant case may arise. Yet, in the Court's experience, it appears that there are relatively few prisoners whose cases would fall within the ambit of the *Pearce* decision. (Footnotes omitted.)

The tests for determining retrospective application laid down by the Supreme Court in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and subsequent cases, cited and discussed by Judge Miller in *Pinkard*, were applied by the Supreme Court of the United States in Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), and most recently in Adams v. Illinois, 405 U.S. 278, 92 S. Ct. 916, 31 L.Ed.2d 202 (1972). At

least two other Circuits have considered the retroactivity of *Pearce*. In James v. Copinger, 441 F.2d 23 (4th Cir. 1971), the Court of Appeals for the Fourth Circuit stated at page 26: "We hold *Pearce* to be nonretroactive except with respect to prisoners who actually received harsher punishment after a second trial." However, in James v. Copinger, the Fourth Circuit was considering a case in which it was asked to apply *Pearce* retroactively for the benefit of prisoners who claimed that they had failed to appeal because of the possibility of receiving a greater sentence. In Allen v. Henderson, 434 F.2d 26 (5th Cir. 1970), the Court of Appeals for the Fifth Circuit found that that portion of *Pearce* requiring the court imposing the second sentence to give credit for time served on the first sentence should be given retroactive application, and in Henderson v. United States, 446 F.2d 557 (5th Cir. 1971), the Court of Appeals for the Fifth Circuit gave retroactive application to all aspects of the *Pearce* decision. The Pennsylvania Courts have accorded *Pearce* retroactive effect,[1] but other States have refused to give such application.[2]

This Court is in accord with the reasoning and conclusion of Judge Miller in *Pinkard*, and holds that the rules laid down by the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 2089, 23 L.Ed.2d 656 (1969) must be applied retroactively in all respects.

The judgment of the District Court is affirmed as to the granting of relief and the case is remanded to the State Courts of Tennessee for retrial or resentencing by a jury, or resentencing pursuant to the provisions of T.C.A. § 40–2701, as amended by the Tennessee Legislature, Ch. 591, Public Acts of 1972.

---

1. Commonwealth v. Allen, 443 Pa. 96, 277 A.2d 803 (1971).

2. Wayne v. State, 8 Md.App. 5, 257 A.2d 455 (1969); Young v. Kansas, 207 Kan.

166, 483 P.2d 1020 (1971); State v. Hartstein, 469 S.W.2d 329 (Mo.1971), reversed on other grounds 404 U.S. 988, 92 S.Ct. 531, 30 L.Ed.2d 539; Shedrick v. State, 235 So.2d 57 (Fla.App.1970).