William TAYLOR, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-2012.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 14, 1973.

Decided April 5, 1973.

**1122**

Joseph G. Glass, Louisville, Ky., for petitioner-appellant.

Gorge J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for respondent-appellee.

Before WEICK and EDWARDS, Circuit Judges, and WILSON, District Judge.*

PER CURIAM.

In his appeal, Taylor is attacking the validity of a thirty-year sentence imposed upon him in the District Court where he was resentenced on two convictions for violation of the narcotics laws in 1967 and 1968.

The 1967 conviction was on a two-count indictment numbered Cr. 26,943 which charged him with selling heroin on July 5, 1967. He was originally sentenced to twenty (20) years imprisonment and fined $5,000 on Count 1 of the indictment, and ten (10) years imprisonment on Count 2—the sentences to be served consecutively. In imposing this sentence, the District Court treated Taylor as a second offender because he had previously been convicted of a narcotics violation in the United States District Court for the Northern District of Ohio.

The 1968 conviction was also on a two-count indictment, numbered Cr. 26,942, charging Taylor with selling heroin on

August 1, 1967. He was sentenced to thirty (30) years imprisonment on each of two counts of the indictment—the same to be served concurrently with each other and concurrently with the sentences imposed in the 1967 conviction, Cr. 26,943. The second conviction made him a third offender.

Taylor's conviction in the Northern District of Ohio was reversed on appeal for errors of law occurring at the trial and a new trial was ordered. United States v. Rudolph, 403 F.2d 805 (6th Cir. 1968). The record does not show that the new trial was ever conducted.

Taylor then filed a motion in the District Court asserting that his sentences of thirty years as a "second offender" were invalid. The District Court granted the motion and set aside the sentences. In Case No. Cr. 26,943 he reduced the sentences by one-half imposing a sentence of ten (10) years on Count 1 and five (5) years on Count 2.

In Case Cr. No. 26,942 he reduced the sentences by one-half imposing a sentence of fifteen (15) years on Count 1 and fifteen (15) years on Count 2, to be served concurrently with each other but consecutively with the sentences imposed in Cr. No. 26,942.

The result of the resentencing was that Taylor was sentenced to a total of thirty (30) years on the two convictions which was the same as the total previous sentences.

In his appeal, Taylor asserts two grounds of error in the re-imposed sentences of thirty years. First, he contends that he has, in effect, been penalized for appealing his original conviction in the Northern District of Ohio in that the District Court did not reduce his heroin conviction sentences when the prior Ohio conviction was set aside. He relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Pendergrass v. Neil, 456 F. 2d 469 (6th Cir. 1972). Second, he as-

* Honorable Frank W. Wilson, Chief Judge, United States, District Court for the Eastern District of Tenessee.

serts that he should have been resentenced under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801 et seq., and not under 26 U.S.C. § 7237(d) which was repealed by the Act after his conviction but before his resentencing.

## I.

■ Taylor's first contention has no merit for two reasons. His appeal from his conviction in the Northern District of Ohio did not result in a longer sentence on that charge for he was never retried. He never appealed from his two narcotics convictions in the District Court in the present case and they have become final. He does not claim that these convictions are invalid. Actually, the second indictment for an identical offense committed on a later date made him a second offender.

Furthermore, in the resentencing, his sentences were *not* increased. The total time to be served remained the same.

North Carolina v. Pearce, *supra*, and Pendergrass v. Neil, *supra*, are inapposite.

## II.

■ Taylor's contention that he should have been resentenced under the provisions of the Comprehensive Drug Abuse Prevention and Control Act rather than under 26 U.S.C. § 7237(d) was rejected by the Supreme Court in Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (decided March 5, 1973), and resolved the conflict which existed in the Circuits on this issue.

The sentence originally imposed by the District Judge, while severe, was well within his statutory authority. He expressed a desire to deter others from trafficking in narcotic drugs, which is commendable. We do not find that in the resentencing the District Judge abused his discretion.

However, it does seem to us that in the resentencing the District Judge was presented with an entirely different picture than he was in the original sentencing. Taylor had served five years of his sentence. His prison record was good. He may have been rehabilitated in the prison. The severe original sentence had already accomplished whatever deterrent effect it could.

The District Judge, upon remand, has jurisdiction to reconsider the sentence and may want to do so, particularly if requested. Rule 35, Federal Rules of Criminal Procedure.

Affirmed.