STATE of Missouri, Respondent,

v.

Delford HAYGOOD, Appellant.

No. 52023.

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Jerome W. Seigfreid, Asst. Atty. Gen., Mexico, for respondent.

J. Whitfield Moody, J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

STOCKARD, Commissioner.

For the killing of his former wife, Delford Haygood was found guilty of murder in the second degree and sentenced to life imprisonment. He has appealed.

The evidence clearly authorized a finding of murder in the second degree, the defendant does not challenge its sufficiency, and we need not set out in detail the circumstances established by the state's evidence. It is sufficient to say that about 4:30 o'clock in the morning of July 10, 1965, Rose Haygood died from a gunshot wound received from a gun in the hands of defendant after she and defendant had engaged in an argument. Defendant testified in his own behalf, and according to him he went to the home of his former wife shortly after dark on July 9 in response to a call from her. They talked for awhile about the possibility of a reconciliation, but he indicated that they could not be reconciled as long as she "permitted herself to be badgered or permitted herself to be led by her people instead of living her own life." He went to sleep at the house and when he awakened it was getting light. He then awakened Rose, and she asked him if he meant what he had said about not wanting to go back together, and he told her that he did. He was putting on his shirt when Rose "came at [him] with a butcher knife." She missed striking him on her first attempt, but she then stabbed him in the chest. They started grappling, and he picked up an automatic pistol which was lying on the coffee table. While they were scuffling and he was trying "to transfer the gun from [his] right hand to his left hand to keep her off" he was stabbed again, and the gun went off and shot into the ceiling. While he was holding her hand in which she held the knife, either he pushed her or she pushed him, and "she was spun" and the gun went off again. After the gun went off this second time she "was spinning," and she then ran to the yard and fell. Defendant went to her, but did not know that she was shot, and helped her back into the house.

Admittedly, the testimony of defendant was inconsistent with some of the circumstances shown by the state's evidence from which an intentional shooting could be inferred.

The court instructed the jury on murder in the second degree, manslaughter, presumption of innocence and reasonable doubt, and the credibility of witnesses.

Defendant contends on this appeal that the trial court erred in failing to instruct the jury on the issue of excusable homicide because of accident. This contention was not set forth as an assignment of error in the motion for new trial, but defendant urges that the failure to so instruct the jury constituted plain error affecting substantial rights within the meaning of Criminal Rule 27.20(c), V.A.M.R. We shall determine first whether it was error not to so instruct the jury, and if so whether this constituted plain error within the meaning and scope of the rule.

Criminal Rule 26.02(6), V.A.M.R., provides that "In all criminal cases the court, whether or not it shall have been requested so to do by either party, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict * * *. In all felony cases failure so to instruct shall be good cause for setting aside a verdict of guilty by the jury and granting a new trial." In State v. Bradley, 352 Mo. 780, 179 S.W.2d 98, this court stated that "Where there is evidence warranting a finding that a homicide was accidental, we have said 'the question should have been submitted to the jury as a part of the law of the case whether an instruction thereon was requested or not' (State v. Crowley, 345 Mo. 1177, 1182(1),

139 S.W.2d 473, 475, 476 [1, 2]); which means a proper instruction," and that the failure to do so results in "affirmative misdirection and not one of mere nondirection or poorly phrased proper direction." See also State v. Martin, 349 Mo. 639, 162 S.W.2d 847; State v. Aitkins, 352 Mo. 746, 179 S.W.2d 84; State v. Brinkley, 354 Mo. 1051, 193 S.W.2d 49; State v. Vincent, Mo., 321 S.W.2d 439; State v. Watson, Mo., 364 S.W.2d 519. In State v. O'Kelley, Mo., 213 S.W.2d 963, the defendant was convicted of murder in the second degree. The defendant testified, to quote from the opinion, that "the gun was discharged while he and [the deceased] were scuffling for its possession." After quoting from what is now Section 546.070, RSMo 1959, which is the same as that portion of Criminal Rule 26.02(6) quoted above, the court also quoted the definition of excusable homicide contained in what is now Section 559.050, RSMo 1959, and said this: "On defendant's own testimony he was entitled to an instruction, whether he requested it or not, submitting his defense that the killing was accidental."

We conclude that under the circumstances of this case the failure of the trial court to instruct the jury on defendant's defense that the homicide was accidental was plain error under Criminal Rule 27.20 (c). See State v. Reeder, Mo., 395 S.W.2d 209, 211.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.