**KANSAS CITY, Missouri, Respondent,**

**v.**

**Elmer J. HOWE, Appellant.**

**No. 24627.**

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

<br>

Henry H. Fox, Jr., Kansas City, for appellant.

Herbert C. Hoffman, City Counselor, Richard W. Mason, Jr., Associate City Counselor, Kansas City, for respondent.

BLAIR, Judge.

Originating in the municipal court of Kansas City, this prosecution for parking a motor vehicle in a prohibited zone in violation of a city ordinance resulted in the conviction of the defendant, Elmer J. Howe. He was fined $10.00. He appealed to the circuit court. There he waived trial by

jury and was again fined $10.00. He appeals.

The ordinance on which the prosecution was based is Section 58.1040(F), Chapter 58, Revised Ordinances of Kansas City. It prohibits the "standing or parking" of a motor vehicle during "designated hours" on "described streets" on all days "except Saturdays, Sundays and public holidays". The validity of this ordinance stands unquestioned. The city presented only one witness, Police Officer Scobee, who testified that on Thursday, March 27, 1966, he found a 1957 Cadillac automobile bearing Missouri License Plate No. SOR970 parked on Locust Street in Kansas City in direct violation of Section 58.1040(F), supra. He placed a parking violation summons on the vehicle, a copy of which became the information against the defendant in the municipal and circuit courts. On cross-examination he testified he had no knowledge of the identity of the person who controlled, operated or had the vehicle in use at the time he placed the violation summons on it. He was the only witness for the city. The city established by official records that the defendant held the legal title to the vehicle on the day and at the time and place of the violation. The defendant and the city then stipulated that the defendant was the owner of the vehicle at all relevant times. Then the city introduced Section 58.1040(F), supra, the ordinance violated, and in addition, Section 58.010, Chapter 58:

"Section 58.010. Definitions.—Whenever in this chapter the following terms are used, they shall have the meaning respectively ascribed to them in this section:

\* \* \* \* \* \*

"Owner—*A person who holds the legal title of a vehicle,* or in the event the vehicle is subject of an agreement for the conditional sale or lease thereof, with the right of purchase upon performance of the conditions stated in the agreement, and with immediate right of possession vested in the conditional vendee or lessee,

or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor *shall be deemed the owner for the purpose of this chapter. The operation or use of a motor vehicle in violation of the provisions of this chapter shall be prima facie evidence that said vehicle was at the time of such violation controlled, operated and used by the owner thereof."* (Emphasis supplied)

On this appeal the defendant undertakes to challenge Section 58.010, last quoted, as being in contravention of the 5th and 14th Amendments to the Constitution of the United States. Some resume of the occurrences at the trial is of value in determining whether he has validly challenged this ordinance. Before the presentation of the evidence commenced, he addressed himself orally at length in an effort to convince the trial court that the information standing against him did not embrace sufficient specific allegations of fact to charge him with any offense. Nothing was said about any constitution. The city then presented its evidence, including the two ordinances. The defendant raised no objection of any nature, constitutional or otherwise, to the introduction of these ordinances. He then presented an oral motion for a judgment of acquittal. Again he argued at length that the information was insufficient because it did not embrace sufficient specific allegations of fact to charge him with any offense and ended his argument on the motion by finally saying "The very wording of the prima facie statute would require the defendant to rebut, and to rebut would force the defendant to testify against himself. And under our Fourth—rather Fifth and Fourteenth Amendments, which particularly the Fourteenth Amendment, is applicable on our state statutes, state laws, this simply can't be done." The "prima facie statute" to which he was referring was Section 58.010, supra. He stood on his plea of not guilty and his motion for judgment of acquittal. He presented no evidence. His conviction followed.

■■ Strangely enough, the city does not question our jurisdiction to determine the constitutionality of Section 58.010, supra. Instead it joins with the defendant in an extensive debate regarding the constitutionality of this ordinance. Neither party suggests any awareness that the Supreme Court has exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States and of this state, Sec. 3, Art. 5, Const. of Mo., 1945, V.A.M.S. and that jurisdiction which is not ours can never be conferred on this court by acquiescence of the parties where that jurisdiction does not exist. 8 Mo.Digest, Courts, ■■■■■■ In re Wellston Trust Co., Mo., 131 S.W.2d 720; Higgins v. Smith, 346 Mo. 1044, 144 S.W. 2d 149; State v. Norman, Mo.App., 193 S.W.2d 391. Our first duty is to determine whether we have jurisdiction before we attempt to decide this appeal and this is true whether our jurisdiction is challenged or not. Edwards v. Sittner, Mo.App., 206 S.W.2d 578; Farrell v. DeClue, Mo.App., 365 S.W.2d 68; Allen v. Smith, Mo.App., 375 S.W.2d 874; 2 Mo.Digest, Appeal and Error, ■■■

■■ Our conclusion is that the defendant has not raised and preserved any constitutional question and this is true for more than one reason. The only allegation of error based on constitutional grounds in his motion for a new trial is a claim that Section 58.010, supra, the prima facie evidence ordinance, "presumed guilt in a criminal or quasi criminal case in violation of *Amendment Fourteen of the Constitution of the United States* and in violation of *Article I, Section 10, of the Constitution of Missouri, 1945,* in that defendant was thereby denied due process of law." To raise and preserve a federal or state constitutional question for appellate review the question must (1) be raised at the first available opportunity, (2) the section or sections of the constitution claimed to be violated must be specified, (3) the question must be kept alive at every stage of the proceeding, (4)

the question must be presented in a motion for a new trial and (5) it must be adequately covered in the briefs. Deacon v. City of Ladue, Mo.App., 294 S.W.2d 616; State v. Brookshire, Mo., 325 S.W.2d 497; City of St. Louis v. Friedman, 358 Mo. 681, 216 S.W.2d 475; 8 Mo.Digest, Part 2, Courts, 21 Mo.Digest, Municipal Corp., 

 The defendant's attempt to invoke Art. 1, Sec. 10, Const. of Mo., 1945, is a total failure because it was not mentioned during the trial and was mentioned for the first time in the motion for a new trial. And now there is no mention of it in his briefs in this court. His attempt to invoke Amendment 5, Const. of U.S. is a total failure because although, as observed, he did mention it during the trial, he does not mention it in his motion for a new trial. This leaves only the question whether he has properly invoked Amendment 14, Const. of U.S., which he mentioned during the trial and in his motion for a new trial. As our resume of the occurrences of the trial shows, he allowed Section 58.010, supra, the prima facie evidence ordinance, to be introduced into evidence without invoking *any* constitutional provision, federal or state. In short, he allowed his "first available opportunity" to question the constitutionality of Section 58.010, supra, to pass him by. For all these reasons there is no constitutional question in this case and we have jurisdiction.

 There is a final reason why there is no state or federal constitutional question in this case. When an identical question involving the constitutionality of an ordinance or a law has been finally settled by the Supreme Court, that question is no longer an open one and that court does not take jurisdiction of the same question in subsequent cases and jurisdiction resides in the courts of appeals. This is particularly true where there is no contention that the constitutional question already settled was settled erroneously. State v. Brookshire,

supra, 325 S.W.2d l. c. 500. The decisions substantiating these statements are so numerous that it is only necessary to refer to 8 Mo.Digest, Courts, 

 The identical constitutional questions sought to be presented on this appeal have already been settled by the Supreme Court. City of St. Louis v. Cook, 359 Mo. 270, 221 S.W.2d 468. Although the city relies on this decision and quotes from it at length in its brief, the defendant does not undertake to demonstrate that its ruling is erroneous or even mention it in either his principal or reply brief. In Cook, the city prosecuted a defendant under a city ordinance declaring it to be an offense to park any vehicle on any public street in any prohibited zone. That ordinance was not questioned. The defendant was convicted in the city court for a violation of that ordinance. He appealed to the court of criminal corrections. In that court, the city introduced evidence to establish that a motor vehicle had been parked on a public street in a prohibited zone in violation of that ordinance. Evidence was then presented that the motor vehicle "was registered on the records of the Secretary of State in defendant's name, and likewise on the records of the City License Collector of St. Louis. No other or direct evidence was introduced tending to identify the person who had actually parked the vehicle. And defendant did not introduce any evidence." The city invoked an ordinance providing "The presence of any vehicle in or upon any public street * * * in violation of any ordinance regulating the parking of such vehicle * * * shall be prima facie evidence that the person * * * in whose name such vehicle is registered on either the records of the city license collector or the records of the Secretary of State of Missouri, committed or authorized such violation." On this record the defendant was again found guilty.

On appeal to the Supreme Court, he contended that the prima facie evidence ordinance violated Sec. 10, Art. 1, Const. of

Mo., 1945, and Amendment 14, Sec. 1, Const. of U.S., by depriving him of "life, liberty or property without due process of law", and that it compelled him "to testify against himself in a criminal cause". He asserted the ordinance violated "the fundamental rules that a defendant is presumed to be innocent; and that the (sic) State must prove him guilty beyond a reasonable doubt; and that he cannot be prejudiced by his failure to testify." Against all of these contentions, the court held the prima facie evidence ordinance constitutional. "'Statutes or ordinances providing a rule of evidence, in effect, that a shown fact may support an inference of the ultimate or main fact to be proved are well within the settled power of the legislative body; and such legislative provisions do not violate provisions of the federal or state constitutions. * * * 'Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government. Statutes, national and state, dealing with such methods of proof in both civil and criminal cases, abound, and the decisions upholding them are numerous.' * * * Giving a regard to due process, the power to provide such an evidentiary rule is qualified in that the fact upon which the presumption or inference is to rest must have some relation to or natural connection with the fact to be inferred, and that the inference of the existence of the fact to be inferred from the existence of the fact proved must not be purely arbitrary or wholly unreasonable, unnatural, or extraordinary. * * * And it is clearly beyond the legislative power to prescribe what shall be conclusive evidence of any fact. * * * It is 'only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed (or inferred), and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.' * * * From a practical standpoint it would be impossible for the police depart-

ment of the City of St. Louis to keep a watch over all parked vehicles to ascertain who in fact operates them. In such a situation and in view of the purpose of City's traffic regulations, the City having shown the vehicle to have been parked in violation of the regulatory ordinance and having shown a defendant to be the person in whose name the vehicle is registered, it would seem an owner-registrant, a defendant, could not be said to be put to too great an inconvenience or to an unreasonable hardship in making an explanation if he desires. The connection between the registered owner of an automobile and its operation is a natural one. While there are no doubt instances where an owner's automobile is used without his authorization, yet it is not generally so. If, in fact, defendant's vehicle was parked at the time without any authorization from defendant, such fact was peculiarly within defendant's knowledge and, if defendant had desired, the fact could have been easily proved with such certainty as to almost entirely preclude a false conviction. In our opinion the inference authorized by the Ordinance No. 41240 is a reasonable one. The ordinance does not make any inferred fact conclusive. And the ordinance does not require that a defendant testify; nor does it deny him his right to make out his defense, to testify." The court grounded its ruling on decisions from national and state courts, including decisions of the Supreme Court of this state, and affirmed the judgment.

▰▰▰ We recognize that although a prosecution for a violation of a city ordinance is regarded as a civil action, it is said to have quasi criminal aspects and that questions involved on this appeal "will be resolved under legal principles and procedural rules applicable to criminal cases." Kansas City v. Mathis, Mo.App., 409 S.W.2d 280. Although the defendant makes much of this, it is of no consequence. Even in true criminal cases, both felonies and misdemeanors, the Supreme Court has held prima facie evidence statutes constitutional when chal-

lenged on the grounds that this defendant asserts and has ruled that the Legislature can validly declare that proof of a certain fact shall be deemed prima facie evidence of an essential element of an offense and that triers of fact, if the fact prescribed by statute is proved, are warranted in finding the existence of that essential element and in finding it to be established beyond a reasonable doubt if they choose to do so. State v. Shelby, 333 Mo. 1036, 64 S.W.2d 269, 273; State v. Buck, 120 Mo. 479, 25 S.W. 573, 576; State v. Bockstruck, 136 Mo. 335, 38 S.W. 317, 321.

■ The defendant places his reliance on City of St. Louis v. Brune Management Co., Mo.App., 391 S.W.2d 943; Kansas City v. Mathis, Mo.App., 409 S.W.2d 280; City of Seattle v. Stone, 67 Wash. 2d 886, 410 P.2d 583; People v. Hoogy, 277 Mich. 578, 269 S.W. 605. There is nothing in Brune Management Co. tending to support defendant. It only ruled that a prosecution for the violation of a city ordinance which carries a fine for its violation is penal in nature and the city must prove the defendant violated the ordinance before he can be found guilty. Nor is there anything in Mathis supporting defendant. We ruled only that a prosecution for a violation of a city ordinance is regarded as a civil action having quasi criminal aspects and that the accused is clothed with the presumption of innocence and cannot be convicted unless his guilt is established beyond a reasonable doubt. We adhere to this rule. But on a record identical with this one, the Supreme Court ruled in Cook that the defendant was not deprived by the prima facie evidence ordinance of the presumption of innocence or his right to a verdict of not guilty unless found guilty beyond a reasonable doubt. By affirming the judgment it necessarily ruled that on the evidence before it the trial court had the right to find that the presumption of innocence had been overcome and that the defendant was guilty beyond a reasonable doubt. Anything in the Washington or Michigan decisions cited by the defendant contrary to the ruling in Cook, and the Missouri rulings we have cited, cannot be followed.

■ Accordingly, the constitutionality of the prima facie ordinance before us has been settled and we must treat it as valid and hold that the trial court, applying it, had the right to find on all of the evidence, that the presumption of innocence had been overcome and to find beyond a reasonable doubt that the defendant "controlled, operated and used" his motor vehicle at the time and place it was parked in violation of the regulatory ordinance on which this prosecution is grounded.

■ The defendant attempts to question the sufficiency of the evidence to establish his guilt beyond a reasonable doubt and the sufficiency of the information to charge an offense. We decline to rule either question. His brief palpably fails to comply with Civil Rule 83.05, V.A.M.R. which fixes the standards that must be met by an appellant's brief in (1) its statement of facts, (2) its points relied on and (3) its argument of those points. This rule is binding on defendant whether this controversy is regarded as a criminal or civil case. Criminal Rule 28.18. Civil Rule 83.05 requires a fair and concise statement of the facts relevant to the questions presented for determination. Concerning the sufficiency of the evidence the defendant in his statement of facts offers us only two sentences: "It is admitted that the automobile in question was owned by appellant, but not that appellant parked the car," and "The only evidence objected to was the evidence of the officer who placed the ticket (information) upon the automobile". This is no statement of facts relevant to the determination of the question whether the evidence was sufficient to warrant a finding of guilty beyond a reasonable doubt. Next his point relied on is "The evidence was wholly insufficient to prove defendant violated any city ordinance penal in nature beyond a reasonable doubt." Civil Rule 83.05 requires that any point relied on shall state

what actions or rulings of the trial court are claimed to be erroneous and *why* the court was wrong. This is no compliance with the rule. White v. Nelson, Mo.App., 283 S.W.2d 926. The rule finally requires that the appellant present an argument. On this question he merely repeats his point relied on and says "The latest and the controlling case is Kansas City v. Mathis, decided by this court, 409 S.W.2d 280, * * ". Then he quotes from that decision abstract statements that in a prosecution for a violation of a city ordinance, the city must overcome the presumption of innocence, prove every element of the offense and establish the guilt of the defendant beyond a reasonable doubt. Following this he ends by saying "There is no evidence that appellant had committed an offense" and then lets the whole matter drop. There is no slightest reference to *any* specific evidence present in the record or absent from it. This is no argument and no compliance with the rule. A point relied on which is not argued in a manner to meet the rule requiring argument is abandoned. Urie v. Thompson, 357 Mo. 738, 210 S.W.2d 98.

While we decline to make any formal ruling on the sufficiency of the evidence, we are convinced by our examination of the record, taking the Cook and other cases we cite into account, that there is no merit in the point attempted to be presented. If we were to decide the point according to the rule applicable to criminal cases tried before the court without a jury, we would be forced to hold that there was competent and substantial evidence supporting the finding of guilt and we would be bound by that finding. State v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265; State v. Williams, Mo.App., 349 S.W.2d 375. If we were to decide the point in accordance with Civil Rule 73.01(d) governing civil cases tried before the court without a jury, the evidence presented by this record would compel us to defer to the trial court's finding of guilt.

Concerning the defendant's challenge that the information is insuf-

ficient, he does not set it out verbatim in his statement of facts. What he sets out is *his* version of it and the parties to this appeal have always differed deeply regarding what it actually alleges. In these circumstances, the information should have been set out in full. The point relied on is "The information failed to state a cause of action against defendant". Obviously, this point is insufficient for it utterly fails to state *why* the information is insufficient. This is no compliance with the rule. White v. Nelson, supra. The defendant's argument is equally insufficient. First he repeats verbatim his point relied on. Then he states "Under the rule in City of Raytown v. Roach [Mo.App.], 360 S.W.2d 741, and Kansas City v. Franklin, 401 S.W.2d 949, there can be no question but that the information fails to state a cause of action against appellant." Next from Roach he quotes abstract statements to the effect that in a prosecution for a violation of a city ordinance the information must contain specific allegations of the facts constituting the offense charged. Following this he says "That this information is fatally defective appears upon its face. No evidence should have been received under such an information" and again lets the whole matter drop. There is no slightest reference to *any* allegation present in the information or absent from it and no reason is suggested why we should rule it insufficient. This is no argument and no compliance with the rule and we regard the point as abandoned. Urie v. Thompson, supra.

Repeatedly the bar has been admonished, and it is again admonished, that obedience to the rules of appellate procedure will be enforced. In this there is no arbitrariness or injustice. "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. * * * *If they are not to be obeyed, they should be*

*done away with once for all.* A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men, viz., those who labor to obey it—the very ones it should not injure." (Emphasis supplied) Sullivan v. Holbrook, 211 Mo. 99, 104, 109 S.W. 668, 670; Walker Brothers, Inc. v. J. K. Seear (U.S.A.) Ltd., et al, Mo.App., 364 S.W.2d 51; Ambrose v. M.F.A. Co-operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, 648.

The judgment is affirmed.

All concur.