Keith and Phebe WILLIAMS, Plaintiffs-Appellants,

and

City of Des Peres, Missouri, Plaintiff-Intervenor,

v.

Larry E. WHITE et al., Defendants-Respondents.

No. 34394.

Missouri Court of Appeals, St. Louis District.

Oct. 3, 1972.

James L. Sullivan, St. Louis, for plaintiff-intervenor.

Millsap, Weil & Eyerman, Wayne L. Millsap, Clayton, for plaintiffs-appellants.

McDonald, Wright & Bryan, St. Louis, George F. Gunn, Jr., County Counselor, Thomas W. Wehrle, Deputy County Counselor, James H. White, Associate County Counselor, Clayton, for defendants-respondents.

DOERNER, Commissioner.

Plaintiffs Keith Williams and Phebe Williams by this action sought a declaratory judgment decreeing that Ordinance No. 5744 of St. Louis County, Missouri, rezoning certain property therein owned by defendant Larry E. White, was invalid and void, and prayed that defendant White be enjoined from requesting a building permit. The City of Des Peres, Missouri, was permitted to intervene as a plaintiff and sought the same relief. The court rendered judgment for the defendants, subsequently overruled the separate motions for a new trial filed by the plaintiffs and the City, and plaintiffs' appeal to this court followed. The City did not appeal.

The basic contention made by the plaintiffs and the City in the trial court, as well as that advanced by the plaintiffs in this appeal, is that Ordinance No. 5744 is invalid and void because the County Council, despite receipt of a telegram from the City, enacted the ordinance without spreading upon its minutes a statement of the reasons for its action as required by § 64.-110, RSMo 1969, V.A.M.S. The pertinent part of that statute reads:

"* * * In case a written protest against the proposed zoning of any land lying within one and one-half miles of the limits of any municipality having a zoning ordinance is received from the city council or board of trustees thereof, the county court shall not enact the proposed zoning of such land except by a record vote and after a statement of the reasons for such action shall be spread upon its minutes. * * *"

The case was submitted to the trial court upon a written stipulation of facts agreed to by all parties. It was stipulated therein that the plaintiffs owned property which adjoined that of defendant White; that the land rezoned was located within one and one-half miles of the municipal limits of the City of Des Peres; that the County Planning Commission had held a public hearing on the application of defendant White for the proposed rezoning, and on April 7, 1970, had recommended approval of the proposed rezoning amendment; that on January 27, 1971, while the bill (designated as Bill No. 154) for the proposed rezoning was pending before the County Council the Mayor and Board of Aldermen of the City sent a telegram to County Supervisor Roos which became a part of the file on the bill; that the County Council passed the bill on February 4, 1971, which was signed by the County Supervisor on February 8, 1971, and designated as Ordinance No. 5744; that on April 6, 1971, a proposition to annex certain property to the City of Des Peres, including the property of defendant White, was approved by a majority of the voters of both the City and the unincorporated area proposed to be annexed; and that thereafter the City of

Des Peres filed a suit for a declaratory judgment pursuant to § 71.015, which suit was pending at the time this case was tried.[1] Numerous exhibits were attached to and incorporated by reference in the stipulation, including the telegram sent by the Mayor and Board of Aldermen, the County Charter, various zoning ordinances, and the Journal of the County Council of February 4, 1971, the date upon which it adopted Bill No. 154. The Journal reveals that the votes of all of the members of the County Council on the bill were recorded therein (6 yeas and 1 nay), and that no statement of the reasons for its action was spread upon the minutes.

After the plaintiffs had filed their brief in this court, in which they asserted that jurisdiction of this appeal lies in this court, the defendants filed their brief in which they suggested that if viewed from one standpoint the jurisdiction of this appeal might lie in the Supreme Court. Plaintiffs thereupon filed a motion to transfer the appeal to the Supreme Court. The substance of plaintiffs' motion to transfer is that the primary question in the appeal is whether § 64.110 applies to St. Louis County, a Home Rule Charter County, and that a determination of that issue involves the construction of Article VI, § 18, of our State Constitution, V.A.M.S. Not stated in the motion but inherent in the appeal are the differences between the provisions of § 64.110 and the applicable zoning ordinances. The pertinent part of § 64.110 heretofore quoted, provides that in enacting the proposed zoning the County Court must spread the reasons for its action upon its minutes; whereas § 1003.81, the applicable zoning ordinance adopted pursuant to the Charter, provides that in case of a protest the County Council, after notice to the protestants and an opportunity by them to be heard in a public hearing, may by an affirmative vote of the majority of the whole council affirm any determination of

the Planning Commission, but makes no requirement of a statement of the reasons in its minutes.

In our opinion there are a number of reasons why the motion to transfer should be overruled. In the first place the claimed constitutional question was not raised at the first opportunity, the plaintiffs' motion for a new trial. It is obviously a belated after-thought, as witness plaintiffs' notice of appeal to this court, the jurisdictional statement in their brief, and the points relied on in their brief. Secondly, an examination of § 64.110, as well as § 64.100 which precedes it, strongly suggests that the pertinent part of § 64.110 upon which the plaintiffs rely is applicable only to a proposed original zoning, not a proposed rezoning. We believe that § 64.140, which does not require a statement in the minutes for the action of the County Court, governs proposals for the rezoning of land, such as the one here involved.

Furthermore, even if it is assumed that § 64.110 is applicable in the instant case, the issue here presented by plaintiffs involves an application of the Constitution rather than its construction, because it has been construed. In Casper v. Hetlage, Mo., 359 S.W.2d 781 and State ex rel. City of Creve Coeur v. St. Louis County, Mo., 369 S.W.2d 184, the Supreme Court construed Article VI, § 18, and held that the power of a county under a Home Rule Charter to exercise legislative powers, including the adoption of zoning ordinances, is derived directly from the Constitution, and that when adopted such ordinances supersede statutory zoning provisions. Plaintiffs assert that those cases are not applicable because there the statute, § 60.140, provided that in case of a protest the favorable vote of all members of the county court were required to approve the rezoning, while the ordinance provided that the affirmative vote of only four of the

---

1. This procedure is new to us. Section 71.015, commonly known as the Sawyer Act, provides that a declaratory judgment authorizing the proposed annexation must be obtained *before* a valid election may be held.

seven members of the County Council were required. While there is, of course, a difference in the facts between those cases and the instant case, the legal principle involved in all is the same, that of supremacy, and the rationale announced in Casper and followed in Creve Coeur is equally applicable to this case.

 Lastly, and basic to the case on its merits as well as to the question of jurisdiction, is the fact that no written protest against the proposed rezoning was made by the Board of Aldermen to the County Council in this case. The written telegram sent by the Mayor and the Board to the County Supervisor on January 27, 1971, reads:

"Lawrence K. Roos, Supervisor

"St. Louis County County Court House Clayton Mo. 63105

"City of Des Peres to Vote in April on Annexation of Property which will include 8.98 acres contained in council Bill Number 154 respectfully request delay of any action on council Bill Number 154 until after election.

Mayor Jody Griggs     Board of Aldermen City of Des Peres"

Obviously the foregoing telegram is not "a written protest" within the meaning of those words as they appear in § 64.110, even if it is assumed that that Section is applicable to a proposed rezoning as well as to an original zoning. Black's Law Dictionary, p. 1387, defines a protest as "A formal declaration made by a person interested or concerned in some act about to be done, or already performed, whereby he expresses his dissent or disapproval, or affirms the act against his will. * * *" In their telegram the Mayor and the Board did not express any objection, dissent or disapproval to the passage of Bill No. 154; all that they did was ask that action on the bill be deferred until a later date. At most the telegram was merely a request for a continuance, not a protest or an objection.

The motion to transfer the appeal to the Supreme Court because of the lack of jurisdiction of this court is denied, and the judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this Court.

Accordingly, judgment affirmed.

BRADY, C. J., WEIER, and CLEMENS, JJ., concur.