**STATE of Missouri, Respondent,**

v.

**Leon Bishop HOLLEY, Jr., Appellant.**

**No. KCD26271.**

Missouri Court of Appeals, Kansas City District.

Dec. 18, 1972.

John W. Inglish, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty., Jefferson City, for respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and J. DONALD MURPHY, Special Judge.

WASSERSTROM, Judge.

Defendant appeals from a conviction and sentence of five years for offering violence to a prison guard, Harold A. Carver. This sentence was imposed by a jury on retrial, after an earlier judgment of conviction and

a sentence of four years was set aside on defendant's motion. He argues on this appeal two points of alleged error: (1) the admission of evidence as to an assault by defendant on another guard, Cardest Chaney; and (2) the imposition of a greater sentence on this retrial than he received originally as a result of his first trial.

I

The item of testimony to which defendant makes challenge occurred during the examination of Carver. The facts to which Carver testified were that he was on the midnight shift on the night in question, and commenced his regular routine at the commencement of his relief. The customary procedure was for a physical count to be made of every inmate. In the course of that procedure, Carver and Chaney, whom Carver was relieving, went to defendant's cell. Chaney unlocked the door and Carver shined his flashlight on defendant to make sure of his presence.

Up to this point, there is no dispute in the evidence. However, with respect to what happened immediately thereafter, there is some divergence in the testimony. Carver testified that defendant jumped out onto Chaney, struck this officer two or three times and knocked him down. Thereupon, Carver testified, he set down his flashlight and started to the assistance of Chaney. According to Carver, defendant then ran past him, struck him with a metal bar, and then ran back to his cell.

Defendant's version of the facts is somewhat different. He testified that when the door opened for the count, he stuck his head out to ask for some aspirin and Chaney shut the door on defendant's head. Defendant says he then pushed the door open and Carver came at him with a flashlight like he was going to hit him, and it was then that defendant hit Carver on the arm with an iron bar.

■ Defendant objected at the trial and he argues now that Carver should not have been permitted to testify with respect to

defendant having struck Chaney. Defendant argues that the information charges only an assault upon Carver, and that by introducing evidence with respect to an assault upon Chaney, the state was attempting to show a separate and independent offense. In support of this claim of error, defendant cites cases for the familiar rule that generally testimony is inadmissible to show the commission of a crime other than the one with which the defendant is charged.

To the general rule, there are, however, a number of well recognized exceptions. One of those exceptions is "that the evidence covering the commission of other offenses is admissible when it is so linked together in point of time that the proof of one cannot be fully shown without proving the other". State v. Jacks, Mo., 462 S.W.2d 744, 1. c. 748. Under such circumstances, separate acts of the defendant are considered as part of the res gestae of the crime charged, and in such case " 'The state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which (the accused) is not on trial' ". State v. Shumate, Mo., 478 S.W.2d 328, 1. c. 330.

■ The facts here come within the exception noted. Carver could not have given an accurate and fair account of what happened on the occasion in question without intermingling the blows struck at Chaney with the blows which were soon thereafter aimed at him when he went to Chaney's assistance. Furthermore, Carver's testimony in this regard was proper in order to negative defendant's claim that his attack upon Carver was a mistaken effort at self-defense. Even the cases relied upon by the defendant recognize that evidence of other crimes is competent to prove the specific crime charged when it tends to establish "the absence of mistake or accident". State v. Reese, banc, 364 Mo. 1221, 274 S.W.2d 304, 1. c. 307.

There was no error in the admission of the evidence in question. The cases cited

by defendant have been reviewed and are all distinguishable.

## II

Defendant's second complaint is that under the doctrine of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656, he cannot constitutionally be subjected to enhanced punishment on a retrial over that which he originally received as the result of his original trial. Defendant recognizes that the present case is different from Pearce, in that Pearce involved a retrial by the same judge who tried the case originally, with the trial judge imposing the enhanced sentence; whereas, in the present case, defendant was retried by a jury and the sentence was imposed by the jury. Defendant further expressly recognizes that the Missouri Supreme Court has determined this to be a vital distinction and has ruled that Pearce does not apply under the present circumstances. Spidle v. State, Mo., 446 S.W.2d 793; Kansas City v. Henderson, Mo., 468 S.W.2d 48, cert.den., 404 U.S. 1004, 92 S.Ct. 570, 30 L.Ed.2d 557.

Nevertheless, defendant argues that the Spidle and Henderson cases should be reconsidered. If such reconsideration were in order, we would be required to transfer this case to the Missouri Supreme Court, since this court has no jurisdiction with respect to constitutional construction. Such transfer, however is unnecessary for two reasons.

■ In the first place, defendant has failed to preserve in the trial court, the constitutional point which he now seeks to press. Although defendant filed in the trial court a motion to reduce duration of punishment, and also a motion for new trial, neither of those motions made any mention of any constitutional point. A constitutional argument cannot be heard on appeal which was not specifically presented to the trial court. Williams v. White, Mo. App., 485 S.W.2d 622, 624 [1]; Kansas City v. Howe, Mo.App., 416 S.W.2d 683, 1. c. 686 [4]; "The Allocation of Original Appellate Jurisdiction in Missouri", 1964 Wash.Univ. Law Quarterly, p. 424, 1. c. 453.

■ Secondly, and more importantly, the constitutional question here involved is merely a question of constitutional application rather than constitutional construction. The Missouri Supreme Court has already ruled twice on the precise issue. The legal doctrine having been settled, all that is left is the application thereof under particular facts. In these circumstances, the court of appeals has jurisdiction but must, of course, follow the rule decided by the Supreme Court. Williams v. White, Mo.App., 485 S.W.2d 622, 1. c. 624 [3]; City of Joplin v. Village of Shoal Creek Drive, Mo.App., 434 S.W.2d 25, 1. c. 28; White v. Missouri, Mo., 430 S.W.2d 144, 1. c. 148; Kansas City v. Howe, Mo.App., 416 S.W.2d 683, 1. c. 687; State v. Kiplinger, Mo., 414 S.W.2d 547, 1. c. 549; State v. Harris, Mo. banc, 321 S.W.2d 468, 1. c. 470; 1964 Wash.Univ. Law Quarterly, p. 491.

Although not cited by defendant in his brief, independent research discloses that the United States Courts of Appeals for the Fourth and Sixth Circuits have adopted a view opposite that reached by the Missouri Supreme Court in the Spidle and Henderson cases. Levine v. Peyton (4th Cir. 1971), 444 F.2d 525, cert. den. 404 U.S. 995, 92 S.Ct. 536, 30 L.Ed.2d 547; Pendergrass v. Neil (6th Cir. 1972), 456 F.2d 469; Bruce v. Wingo (6th Cir. 1972), 457 F.2d 365. On the other hand, the United States Court of Appeals for the Fifth Circuit has followed the Missouri rule in Chaffin v. Stynchcombe (5th Cir. 1972), 455 F.2d 640. The two decisions by the Sixth Circuit Court of Appeals are now pending on application for writ of certiorari before the United States Supreme Court. However, unless and until there is an authoritative contrary ruling by the United States Supreme Court, this court is bound by and must follow Spidle and Henderson.

The judgment is affirmed.

All concur.