**STATE of Missouri, Respondent,**

v.

**Clarence HUNTER, Appellant.**

**No. KCD 28512.**

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Motion for Rehearing and/or Transfer Denied Dec. 27, 1977.

Clarence Hunter, pro se.

Joe Hamilton Scott, Public Defender, St. Joseph, for appellant.

Cynthia A. Clark, Michael A. Insco, St. Joseph, John D. Ashcroft, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

SWOFFORD, Chief Judge.

The appellant (defendant) was charged with felonious assault (§ 559.180 RSMO 1969), tried before a jury, found guilty, and sentenced to twenty (20) years in the Department of Corrections under the Second Offender Act.

The sufficiency of the State's evidence is not directly challenged so a brief summary thereof will suffice.

On the morning of January 27, 1975, the defendant and Robert Brown, each armed with handguns, entered and robbed the Park Bank at St. Joseph, Missouri. Responding to an alarm, police officer Manuel McClasky entered the first set of doors of the bank's entranceway, when the defendant carrying the loot from the robbery came through the inner door of the entranceway on his way out of the bank. Officer McClasky and the defendant made bodily contact as a result of which the

defendant was thrown headfirst down the steps of the entranceway. At about this time Robert Brown came through the inner door. Officer McClasky hit Brown with his shoulder, the two struggled and Brown shot McClasky in the head. Both the defendant and Brown were apprehended and taken into custody by other police officers outside the bank as they attempted to flee the scene.

Officer McClasky recovered from his wound and testified at trial.

In the initial stages of these proceedings the defendant was represented by the office of the Public Defender. However, he requested the trial court to remove the Public Defender as his counsel and permit the defendant to conduct his own defense. Defendant, therefore, appeared in his own defense at the trial, with the Public Defender in attendance to advise and assist him.

The defendant did not testify but he offered the testimony of his accomplice in the robbery, Robert Brown, then serving a 45-year sentence upon a plea of guilty for the assault upon Officer McClasky at the time of the robbery. Brown freely admitted his participation in the Park Bank robbery with the defendant and identified pictures taken within the bank during the robbery, pointing out his photograph and that of the defendant. However, he testified that he shot Officer McClasky "accidentally" during a scuffle with him at the bank entrance.

Other pertinent evidence adduced at the trial will be hereafter noted as relating to the points here raised by defendant.

These points are five in number and may be thus summarized: *One*, that the court erred in sustaining an objection to the defendant's statements to the jury in his closing argument that "I know I did not shoot that officer" and "Defendant did not shoot that officer"; *two*, that the court erred in refusing to instruct the jury on the defense of accidental shooting which the court was required to give in the light of Brown's testimony that he shot Officer McClasky "accidentally"; *three*, that the court erred in allowing the prosecutrix to argue about the amount of force necessary to pull the trigger of the assault weapon; *four*, that the court erred in refusing to declare a mistrial when FBI Agent Crum testified he found no traces of gunpowder on the gloves worn by either Brown or the defendant but that "under the tests he performed it would be rare to find any anyway," since this latter qualification had not been disclosed to defendant upon pre-trial discovery under Cr.Rule 25.32; and, *fifth*, the defendant's motion for judgment of acquittal should have been sustained since the evidence was insufficient to support a conviction for assault with malice because the evidence "showed the shooting was accidental".

The underlying and basic theory of defense is that the defendant did not personally shoot Officer McClasky but that Brown did so accidentally. This theory is invalid under the facts disclosed in this record.

In the first place, the state did not undertake to charge, prove or submit that the defendant shot McClasky. All the evidence established was that the officer was shot by the .22 caliber handgun carried by Brown during the course of the armed robbery of the Park Bank by Brown and the defendant as coperpetrators and while they were attempting to escape with the loot. The state's case against the defendant was based and submitted upon the theory that he and Brown acted with a common purpose and design to rob the bank and that the defendant was an accomplice of Brown's in the commission of that felony, during the very course of which the assault upon McClasky occurred. Indeed, the testimony of Brown, offered by the defendant, fully supported this theory in all particulars. Thus, both would be equally responsible for the malicious assault upon McClasky regardless of which one actually committed the act of assault. *State v. Young*, 490 S.W.2d 28, 30[3, 4] (Mo.1973); *State v. Bolden*, 473 S.W.2d 355, 356[1] (Mo.1971); *State v. Jones*, 524 S.W.2d 186, 187[6] (Mo. App.1975).

Generally, the same defenses are available in a charge of felonious assault as in the charge of homicide and these would

include excusable assault (or homicide) and accident. But in neither such charge would those defenses be available where the evidence disclosed that the assault (or homicide) occurred while the defendant was engaged in the commission of an unlawful act or a lawful act by unlawful means. Or stated differently, the defense of excuse or accident requires that the accused act without wrongful purpose while engaged in a lawful enterprise. *State v. Campbell*, 551 S.W.2d 940, 942–943[6] (Mo.App.1977); *State v. Milentz*, 547 S.W.2d 164, 169[4] (Mo.App.1977).

■ The defense of "accident" was not available since the undisputed evidence was that the assault upon Mcclasky occurred during an armed robbery of the Park Bank by the defendant and Brown. Defendant's Points II and V are ruled against him.

■ As has been noted, the defendant did not testify and in his closing argument to the jury (as his own counsel) he stated to the jury " * * * but I know I did not shoot that officer." An objection was sustained, the jury was instructed to disregard the remark, and defendant was admonished by the court that he could not testify in his closing argument but could only discuss the evidence. Immediately the defendant continuing his argument, stated, without objection, "The evidence did not prove the defendant shot officer McClasky."

■ During the prosecutrix's closing argument the court allowed, over objection, the prosecutrix to state and demonstrate that "it took an effort to pull the trigger" of the assault weapon. Defendant argues that the *degree* of force required to pull the trigger was not in evidence; that expert evidence was necessary to establish that fact; and, that there was no showing that the gun was in the same or similar condition at the time of the argument as it was at the time of the robbery. These arguments are not persuasive. As to the condition of the gun, it was offered as an exhibit by the state and received in evidence without objection. Further, the prosecutrix in her argument that "an effort" was required to pull the trigger and her demonstration was not posing as an expert or specifying any "degree" of force necessary. Also, the jury was free to examine the gun and draw the same or other inferences than those of the prosecutrix. See, *State v. Ferrell*, 233 Mo. 452, 136 S.W. 709, 710[3] (1911).

The scope of closing arguments rests largely within the discretion of the trial court and an appellate court will not interfere unless the record clearly shows an abuse of such discretion to the defendant's prejudice. *State v. Connell*, 523 S.W.2d 132, 137[11] (Mo.App.1975). No such abuse of discretion appears here.

Defendant's Points I and III are ruled against him.

■ The expert witness, FBI Agent Crum, testified for the state that he made gunpowder tests of the two pairs of leather gloves identified as those worn by the defendant and Brown during the bank robbery and assault upon McClasky and that such tests did not disclose any traces of gunpowder. The results of these tests were disclosed to the defendant on pre-trial discovery. At the trial, however, Crum went further and stated that it would be rare under the tests he performed to find any traces of gunpowder on the leather gloves. Defendant urges error by reason of the State's failure to disclose upon pre-trial discovery this qualification by Crum regarding his tests. There was no dispute that one of the pairs of gloves was worn by Brown who "accidentally" shot McClasky. It is impossible to see how the absence of gunpowder traces on any of the gloves would be relevant to or decisive of any real issue in the case. The admission of the theretofore undisclosed qualification of Crum's testimony was at best harmless, and, in fact, in the state of this record meaningless. It was not exculpatory evidence withheld or inculpatory evidence omitted which resulted in any prejudice to the defendant or was "fundamentally unfair" in the context of his right to a fair trial, the recognized standards by which failure to make discovery is judged. *State v. Johnson*, 524 S.W.2d 97, 101–103[5] (Mo. banc 1975); *State v. Staple-*

*ton*, 539 S.W.2d 655, 659[4] (Mo.App.1976). Defendant's Point IV is ruled against him.

The judgment is affirmed.

All concur.