STATE of Missouri ex rel. Gerald BON-HAM, Joan Collins, Glen Painter and Lorene Brill, Individually and as representatives of the class known as all teachers employed by the Springfield R–XII School District, Relators-Appellants,

v.

M. D. BONEBRAKE, Mrs. John B. Bentley, Jack O. Cole, Theodore C. Salveter IV and William V. Turner, as officers and members of the Springfield R–XII School District, Respondents-Respondents.

No. 10524.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 5, 1979.

Thomas D. Carver, Carver & Sotta, Joplin, for relators-appellants.

Kenneth T. Walter, Mann, Walter, Burkart, Weathers & Warden, Springfield, for respondents-respondents.

HOGAN, Judge.

In this mandamus action the relators sought construction and enforcement of § 163.031(9), RSMo (Supp.1973), which read in pertinent part as follows:

"[A] school district shall spend for teachers' salaries each year at least eighty percent of the state school funds received under this section that year as provided by section 163.061 and as much of the revenue produced by local tax levies as was spent for teachers' salaries the previous year . . ."

Contending that the respondent school district had improperly "commingled" funds received as school foundation money with funds representing local tax levies, the relators presented proof tending to show that if their system of tracing funds were used, the district would owe them a large sum of money. Respondents' proof tended to show that "commingling" was not prohibited, and they had testimony from the State Board of Education indicating they had fully complied with the 80 percent requirement of § 163.031(9). An alternative writ issued, but after hearing evidence, the trial court quashed the alternative writ and refused a peremptory writ. The relators appeal.

The appeal tenders the selfsame questions which were advanced and considered in *State ex rel. Niess v. Junkins*, 572 S.W.2d 468 (Mo.banc 1978). Construing the statute, the court held, 572 S.W.2d at 472[2, 3]:

". . . § 163.031(9) does not . . . contemplate that the district must utilize [the accounting] system whereby it traces specific funds received from the state to disbursements for teachers' salaries. Instead, the legislature has directed in § 165.011.1 that funds from various sources for use in paying teachers shall be commingled in the teachers' fund account. . . . [The 80 percent] requirement does not necessitate tracing of

particular funds from receipt to disbursement. . . . Compliance [as] determined by the State Department of Education [meets] the requirements of § 163.-031(9)."

The ruling set out is controlling and dispositive, and in this case original appellate jurisdiction is in this court. *State ex rel. Niess v. Junkins*, supra, required "construction" of a revenue law, but having construed the very statute in an identical context, the Supreme Court need not repeat itself. See *Little River Drainage Dist. v. Jones*, 234 Mo.App. 816, 826, 136 S.W.2d 440, 447 (Mo.App.1940). This court has only to "apply" the legal doctrine announced by the Supreme Court to the facts at hand. Cf. *State v. Holley*, 488 S.W.2d 925, 927[5] (Mo.App.1972). Application of the law as pronounced in *State ex rel. Niess v. Junkins*, supra, 572 S.W.2d at 472[2, 3] requires that the judgment of the trial court be affirmed. Pursuant to Rule 84.16(b), V.A. M.R., it is so ordered.

BILLINGS, P. J., and MAUS, J., concur.