STATE of Missouri, Respondent,

v.

Eddie WILSON, Appellant.

No. 41177.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 1980.

Bell, Harris, Kirksey & Thomas, Charles E. Kirksey, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

On appeal from his conviction for assault with intent to kill with malice aforethought, defendant raises two points of alleged error: (1) that the converse instruction to the state's verdict director was confusing and misleading; (2) that the indictment was defective for failing to contain the statutes fixing the penalty for the offense charged. We affirm.

At the outset, we note that neither point was raised either at the trial or in the motion for a new trial. This failure seems to follow the popular but pedestrian trend of counsel to rely on Rule 29.12 plain error to save matters not preserved for review as, e. g., the alleged instructional error. *State v. McGee*, 592 S.W.2d 886 (Mo.App.1980). We recognize, of course, that Rule 30.20 requires us to consider alleged errors respecting the sufficiency of the information or indictment.

Haggling between the victim and defendant over the sale of heroin led to the pother resulting in the charge against defendant and his conviction for assault with intent to kill with malice aforethought. During the confrontation, defendant produced a gun. As the victim ran away, defendant shot him in the back leaving him paralyzed from the waist down. Not content with shooting the victim, defendant proceeded to stomp and

beat him after he fell. Defendant did not deny the shooting; his defense was self–defense.

Defendant's first complaint regards the following instruction:

### Instruction 12

If you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing:

First, that on January 21, 1978, in the City of St. Louis, State of Missouri, the defendant, acting with another, shot Danny Mason, and

Second, that he, acting with another, did so with malice aforethought–that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time, and

Third, that he, acting with another, did so with intent to kill Danny Mason, and

Fourth, that such assault by defendant, acting with another, was not justifiable as submitted in Instruction No. 21, and

Fifth, that the defendant acted either alone or knowingly and with common purpose together with another in the conduct referred to in the above paragraphs, then you must find the defendant not guilty under Count II of assault with intent to kill with malice aforethought.

Defendant contends that the instruction is confusing and misleading and thereby prejudicially erroneous by reason of the double negative relating to the "not justifiable" reference to self–defense in paragraph Fourth. He argues that it takes

away his sole defense of self–defense. But defendant's position is destitute of merit.

■ The state's verdict directing instruction mirrored MAI–CR 6.22, which was properly given at the time of trial–October 23, 1978. Instruction 12 faithfully follows MAI–CR 3.06 as the converse of the verdict director. The trial judge gave the approved pattern criminal instruction; hence, he can declare no error. *State v. Carey*, 599 S.W.2d 71 (Mo.App.1980); *State v. Grady*, 577 S.W.2d 930 (Mo.App.1979).

■ Furthermore, Instruction 12, the converse about which defendant complains, was necessarily made at his behest.[1] Having requested the instruction the defendant cannot charge prejudice or error thereby. *State v. Euell*, 583 S.W.2d 173, 178 (Mo. banc 1979); *State v. Medley*, 588 S.W.2d 55, 60 (Mo.App.1979); Rule 26.06 (now repealed). Nor do we find, in spite of the double negative, that the instruction was misleading or confusing as contended by defendant.

As to the taking away of defendant's sole defense, we note that the trial court gave as Instruction 21 the MAI–CR 2.40 self–defense instruction. So the jury was fully instructed on self–defense, and defendant's allegation that it was not is apocryphal.

■ In his *pro se* brief, defendant raises the single point that the information filed is deficient for failing to set forth the maximum penalty for violation of § 559.180, RSMo 1969, as required by Rule 24.01(a) (now repealed).[2] The information is fully adequate as it comports with Rule 24.01.[3]

---

1. The *Notes on Use* regarding MAI–CR 3.06 as a converse to the state's verdict director provide that the instruction is required if requested. As it is a converse, the defendant would be the party seeking it.

2. Now, Rule 23.01(b)4.

3. Count II of the information provides in pertinent part:

   That EDDIE WILSON, Also Known As EDDIE LEE WILSON, Acting Witn [sic] Another, at the City of St. Louis aforesaid, on the

21st day of January, 1978, feloniously, willfully, on purpose and of his malice aforethought did make an assault upon DANNY MASON, with a certain weapon, to–wit: revolver, a means likely to produce death or great bodily harm, and did then and there shoot at, against and upon the said DANNY MASON, with the intent then and there to kill the said DANNY MASON; contrary to § 559.180, Revised Statutes of Missouri, in such case made and provided, and against the peace and dignity of the State.

It includes reference to the conduct proscribed by statute, § 559.180, RSMo 1969, which provides for punishment "by imprisonment in the penitentiary not less than two years." Defendant contends that the information is defective because it does not apprise him of the statutory provision setting forth the maximum punishment. As mentioned, no objection was made at trial to the alleged error. But we do not deem that factor material to our decision that no manifest injustice was worked against defendant. The situation here replicates *State v. Harris*, 598 S.W.2d 200 (Mo.App. 1980), in which the court stated:

> The information appears to sufficiently allege the charge and defendant understood the charge. There was no showing of prejudice due to not having the statutory section numbers. Failing to list the statute prescribing the conduct charged has been held not error where the information notified the defendant of the charged offense and constituted a bar to further prosecution. *State v. Umfleet*, 587 S.W.2d 612, 616–617 (Mo.App.1979); *State v. Tierney*, 584 S.W.2d 618, 620–622 (Mo.App.1979). Such an information does not invalidate the conviction for want of a sufficient statement of the charge nor affect jurisdiction and whatever error may have resulted was waived by failure to object and preserve the question for review. *State v. Tierney*, supra, 584 S.W.2d at 622. This point is denied. *Id.* at 202.

Any defect in the information by failing to set forth the maximum punishment did not prejudice any substantial right of the defendant upon the merits of the case, and it is therefore not invalid. Rule 24.11 (repealed; now Rule 23.11).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.