STATE of Missouri, Plaintiff-Respondent,

v.

Jon A. TATUM, Defendant-Appellant.

No. 12801.

Missouri Court of Appeals, Division Two, Southern District.

June 1, 1983.

John D. Ashcroft, Atty. Gen., Janet E. Papageorge Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Morran D. Harris, Osceola, C. John Lozano, Public Defender, Harrisonville, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of the class A felony of assault in the first degree by means of a deadly weapon or dangerous instrument, § 565.050, RSMo 1978, and sentenced to 15 years' imprisonment. He was charged with shooting Marzine Ables, a guest in his home, with a .22 caliber rifle.

We first discuss his contention that § 565.050 is unconstitutional because it is vague, indefinite, and confusing. As the validity of a statute of Missouri is questioned, if it has been properly raised and preserved, jurisdiction is in the supreme court. Mo. Const. Art. V, § 3. If jurisdiction in the supreme court depends on a claim of unconstitutionality, that must be

raised at the earliest opportunity, and thereafter preserved, in order for the supreme court to have jurisdiction. *Christiansen v. Fulton State Hospital,* 536 S.W.2d 159, 160 (Mo. banc 1976); *Stine v. Kansas City,* 458 S.W.2d 601, 605 (Mo.App. 1970).

■ To raise and preserve a federal or state constitutional question for appellate review, it must be raised at the first available opportunity, the section or sections of the constitution claimed to be violated must be specified, the question must be kept alive at every stage in the proceedings, and adequately covered in the briefs. *Kansas City v. Howe,* 416 S.W.2d 683, 686–687 (Mo.App. 1967). The record reveals that the first time that the statute was questioned was in defendant's motion for acquittal at the close of the state's evidence. The only allegation there was "The Statute under which the defendant is charged is unconstitutional." The same statement was made in defendant's motion for acquittal at the close of all the evidence.

■ Regarding § 565.050, defendant's motion for new trial states only: "The statute under which the Defendant is charged is unconstitutional, in that it fails to require intent, specific intent, or felonious intent, or that the Defendant committed the act willfully, wrongfully, unlawfully, deliberately, or feloniously." Even if we assume that the constitutional validity of the statute was raised at the first opportunity, what constitution was violated, and the section or sections of the constitution claimed to be violated were not specified, and never have been, including in defendant's brief. Thus, this point was not preserved for appellate review, and the supreme court does not have jurisdiction. This court has jurisdiction to review the points that were preserved.

Defendant's next point that we consider is his contention that the trial court erred in failing to instruct the jury on excusable assault, since there was evidence that the shooting was accidental. Acknowledging that this matter was not preserved in his motion for new trial, defendant asserts that the failure to so instruct constitutes plain error.

Defendant contended that he was attacked in his home and his use of force was justified in self-defense. An instruction following MAI–CR2d 2.41.1 was given. He also argues that the same testimony on which he based his defense of self-defense supports a submission that the rifle was fired by accident. He bases this on a portion of his testimony which said that he jumped back when Ables swung at him, and he didn't know whether he shot him "on purpose or what".

Relying primarily on cases involving excusable homicide, defendant contends that whether requested or not, an instruction patterned after MAI–CR 2.28 "Excusable Homicide" should have been given here. See *State v. Zweifel,* 615 S.W.2d 470, 473 (Mo.App.1981). Defendant also relies on the statement in *State v. Hunter,* 560 S.W.2d 48, 50–51 (Mo.App.1977) that "[g]enerally, the same defenses are available in a charge of felonious assault as in the charge of homicide and these would include excusable assault (or homicide) and accident." Citing *State v. Haygood,* 411 S.W.2d 230 (Mo.1967), he contends that the failure to give such an instruction constituted plain error.

■ Even if we assume that defendant's testimony was sufficient to show that he did not intentionally fire the gun, and that under certain circumstances an accident instruction must be given where the charge is first-degree assault, he was not entitled to the instruction here. Defendant's testimony shows that he was exhibiting the rifle in an angry or threatening manner before he said Ables assaulted him. That is illegal. See § 571.030.1(4), RSMo Supp.1982. In order to avail himself of the defense of accident, the defendant must have acted without wrongful purpose while engaged in a lawful enterprise and without negligence on his part; and flourishing a weapon in a threatening and illegal manner negates the necessity of submitting an excusable or accidental instruction. *State v.*

**244**

*Browning,* 442 S.W.2d 55, 57 (Mo. banc 1969); *State v. Merritt,* 540 S.W.2d 183, 185 (Mo.App.1976). *State v. Hunter,* supra, states that the defense of excuse or accident is not available if the assault occurs while defendant is engaged in an unlawful act. 560 S.W.2d at 51.

■ Defendant's final point contends that the trial court erred in giving instructions submitting first-degree assault and second-degree assault because they were vague, indefinite, and confusing. Defendant also contends that the two instructions are erroneous and confusing because they failed to distinguish between first and second-degree assault, as they require the same findings for each with only the punishment different.

The instructions, in the particulars complained of, appear to have followed MAI–CR2d 19.02 and MAI–CR2d 19.04.1. Defendant does not claim otherwise. Although a serious question arises whether defendant has fully preserved this point, even if so, we are powerless to declare erroneous a pattern criminal instruction contained in MAI–CR2d if its use was there required. *State v. Farmer,* 612 S.W.2d 441, 445 (Mo.App.1981). These were the required instructions to submit first and second-degree assault. Having given the approved pattern criminal instruction, the trial court did not err. *State v. Wilson,* 607 S.W.2d 751, 752 (Mo.App.1980). This point is denied.

As we find no prejudicial error, plain, see Rule 30.20, or otherwise, the judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.