Dear Senator Dirck:
This opinion letter is in response to your question asking:
 Does Section 89.020.2, RSMo 1986, relating to the inclusion of group homes in the classification of single family dwelling or residence, apply to the unincorporated area of St. Louis County?
We understand your question refers to private care providers who are licensed by and contract with the Missouri Department of Mental Health to provide group homes.
Section 89.020.2, RSMo 1986, provides:
 For the purpose of any zoning law, ordinance or code, the classification single family dwelling, or residence shall include any home in which eight or fewer unrelated mentally retarded or physically handicapped persons reside, and may include two additional persons acting as house parents or guardians who need not be related to each other or to any of the mentally retarded or physically handicapped persons residing in the home. In the case of any such residential home for mentally retarded or physically handicapped persons, the local zoning authority may require that the exterior appearance of the home and property be in reasonable conformance with the general neighborhood standards. Further, the local zoning authority may establish reasonable standards regarding the density of such individual homes in any specific single family dwelling neighborhood.
St. Louis County is a first class county operating under a home rule charter pursuant to Article VI, Section 18 of the Missouri Constitution. Article VI, Section 18(c) states:
 The charter may provide for the vesting and exercise of legislative power pertaining to any and all services and functions of any municipality or political subdivision, except school districts, in the part of the county outside incorporated cities; and it may provide, or authorize its governing body to provide, the terms upon which the county may contract with any municipality or political subdivision in the county and perform any of the services and functions of any such municipality or political subdivision.
 The charter may provide for the vesting and exercise of legislative power pertaining to any and all services and functions of any municipality or political subdivisions, except school districts, throughout the entire county within as well as outside incorporated municipalities; any such charter provisions shall set forth the limits within which the municipalities may exercise the same power collaterally and coextensively. When such a proposition is submitted to the voters of the county the ballot shall contain a clear definition of the power, function or service to be performed and the method by which it will be financed.
St. Louis County derives the legislative power to adopt zoning ordinances from Article VI, Section 18(c) of the Missouri Constitution. Because this power is derived from the Missouri Constitution and not from any statutory grant of power, the courts of this state have held that zoning ordinances of St. Louis County take precedence over statutory zoning provisions. See, Treme v. St. Louis County,609 S.W.2d 706 (Mo.App. 1980); Williams v. White, 485 S.W.2d 622
(Mo.App. 1972).
Therefore, it is the opinion of this office that Section89.020, RSMo 1986, does not apply to St. Louis County where there is a St. Louis County ordinance in conflict with Section89.020.2, RSMo 1986.[1]
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Because of the conclusion reached, we do not address whether Section 89.020, RSMo 1986, applies to counties. Section89.010, RSMo 1986, states the provisions of Sections 89.010 to89.140, RSMo, apply to all cities, towns and villages in this state. Subsection 4 of Section 89.020, RSMo 1986, however, specifically refers to "county, city, town or village."